By the Court,

Bronson, J.
The plaintiff has declared as upon a joint undertaking by all the defendants, and he was bound to prove such a promise on the trial. (Shirreff v. Wilks, 1 East, 48; Gray v. Palmer, 1 Esp. R. 135; and see Robertson v. Smith, 18 John. 459.) No joint liability was made out. After the dissolution, Ostrom had no authority to bind his former partners by giving.a promissory note in the name of the firm. (National Bank v. Norton, 1 Hill, 572.) Ostrom may be liable when sued alone, but he has not undertaken jointly with the other defendant. Mitchell, Johnson & Ehle never made the note, either by themselves or by their lawful agent; and the case is the same as though their names did not appear upon the instrument.
But it is said that there is an estoppel in pais against Ostrom—that having put the firm name to the note, he is not at liberty to deny that all of the defendants are bound by it. That would, perhaps, be a dehateable question, even if there had been an existing partnership at the time, and the note had been subscribed in the usual form of making partnership contracts. (Shirreff v. Wilks, 1 East, 48 ; Hawks v. Munger, 2 Hill, 200.) But there was no existing partnership at the time the note was made, and Ostrom did not pretend that there was. On the contrary, by prefixing, the words “ late firm” to the former partnership name, he plainly declared that the partnership had been dissolved. He does not deny that fact now. But this will not answer the plaintiff’s purpose. He must show an admission by Ostrom that his late partners were bound by the note; but no such admission has been made. *522 Assuming, as we must, that the parties understood the law, Ostium said, in effect, that his late partners were not bounds and the plaintiff took the note with the knowledge of that fact. Ostrom has not affirmed the existence of any fact which he now wrongfully attempts to controvert; and the plaintiff is not injured by being required to prove what he has averred in his declaration, viz: the joint liability of all the defendants. He has not acted upon any admission that all were bound; but on the contrary, he knew at the time that all were not liable. There is, consequently, no estoppel in the case.
New trial granted.